Case 0:21-cr-60245-WPD Document 1 Entered on FLSD Docket 08/26/2021 Page 1 of 9

FILED by KS D.C.

Aug 26, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **21-60245-CR-DIMITROULEAS/SNOW**

18 U.S.C. § 371
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

JASON KASHOU,

    Defendant.
_____/

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1.  The Medicare Program (Medicare) was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services, oversaw and administered Medicare.

2.  The Medicaid Program (Medicaid) was a jointly funded program between federal and state governments that provided medical assistance and health coverage for categories of individuals whose income and resources were insufficient to meet the costs of medical services. Individuals who received benefits under Medicare or Medicaid were commonly referred to as "beneficiaries."

3. Medicare and Medicaid were each a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

### The Defendant and Related Companies

4. 1st Choice Healthcare Solutions, LLC (1st Choice) was a Florida limited liability company, located at 4559 N Pine Island, Sunrise, Florida, that purportedly did business in Broward County.

5. **JASON KASHOU**, a resident of Broward County, was the owner and Chief Executive Officer of 1st Choice.

6. Call Center 1 was a foreign company that purportedly did business in India.

7. Pharmacy 1 was a Florida limited liability company, located in the Southern District of Florida, that purportedly provided prescription drugs to Medicare and Medicaid beneficiaries.

8. Company 1 was a Florida limited liability company, located in the Southern District of Florida.

9. Pharmacy 2 was a Florida limited liability company, located in the Southern District of Florida, that purportedly provided prescription drugs to Medicare and Medicaid beneficiaries.

### CONSPIRACY TO SOLICIT AND RECEIVE HEALTH CARE KICKBACKS
### (18 U.S.C. § 371)

From on or about January 19, 2017, through on or about August 2, 2018, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**JASON KASHOU,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the Acting United States Attorney, to commit an offense against the United States, that is, to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving

remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare and Medicaid.

## Purpose of the Conspiracy

10. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) soliciting and receiving kickbacks and bribes in exchange for referring Medicare and Medicaid beneficiaries to serve as patients at Pharmacies 1 and 2; (b) submitting and causing the submission of claims to Medicare and Medicaid for health care benefits, items and services that Pharmacies 1 and 2 purported to provide to the Medicare and Medicaid beneficiaries; (c) concealing the payment and receipt of the kickbacks and bribes; and (d) diverting the proceeds of the scheme for their own use and benefit, the use and benefit of others, and to further the conspiracy.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others:

11. **JASON KASHOU** agreed with the principals of Pharmacies 1 and 2 that, in exchange for 50% of net profits, **KASHOU**, through 1st Choice, would refer Medicare and Medicaid beneficiaries to Pharmacies 1 and 2 so that Pharmacies 1 and 2 could bill Medicare and Medicaid for health care benefits, items and services, including diabetic supplies and pain creams.

12. **JASON KASHOU** and others paid Call Center 1 to obtain access to Medicare and Medicaid beneficiary patient lists used to recruit the beneficiaries.

13. **JASON KASHOU** and others used an online tool provided by Pharmacies 1 and 2 to verify that the Medicare and Medicaid beneficiaries were eligible to be billed by Pharmacies 1 and 2.

14. **JASON KASHOU** and others obtained prescriptions for diabetic supplies and topical pain creams for the recruited beneficiaries and provided those prescriptions to Pharmacies 1 and 2 through 1st Choice's customer relationship manager database (CRM).

15. Pharmacies 1 and 2 submitted claims to Medicare and Medicaid for the beneficiaries referred by **JASON KASHOU**. As a result of those claims, Medicare and Medicaid made payments to Pharmacies 1 and 2.

16. In exchange for the Medicare and Medicaid beneficiary referrals, Pharmacies 1 and 2 paid **JASON KASHOU** 50% of the net profits resulting from Pharmacies 1 and 2 billing Medicare and Medicaid for those beneficiaries.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about January 19, 2017, **JASON KASHOU** gave Pharmacy 1 access to 1st Choice's CRM so that Pharmacy 1 could receive Medicare and Medicaid beneficiary information and prescriptions stored in 1st Choice's CRM.

2. On or about March 14, 2017, co-conspirators at Pharmacy 1 issued check number 1528 in the approximate amount of $9,036 from Pharmacy 1's bank account ending in -5111, to Company 1, for the purpose of paying and concealing kickbacks to **JASON KASHOU**.

3. On or about March 14, 2017, Company 1 issued check number 10583 in the

4

approximate amount of $9,036 from Company 1's bank account ending in -0502, to 1st Choice, for the purpose of paying and concealing kickbacks to **JASON KASHOU**.

4. On or about March 17, 2017, **JASON KASHOU** caused to be deposited into 1st Choice's bank account check number 10583 in the approximate amount of $9,036 from Company 1's bank account ending in -0502 as a kickback payment for the referral of Medicare and Medicaid beneficiaries.

5. On or about July 25, 2018, **JASON KASHOU** caused to be deposited into 1st Choice's bank account check number 5672 in the approximate amount of $19,979 from Pharmacy 2's bank account ending in -9317 as a kickback payment for the referral of Medicare and Medicaid beneficiaries.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **JASON KASHOU**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____ for:
MICHAEL E. GILFARB
ASSISTANT UNITED STATES ATTORNEY

_____
STEPHANIE HAUSER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JASON KASHOU,

Defendant.

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)    Yes ___  No ___
Number of new defendants  ___
Total number of counts  ___

**Court Division:** (Select One)
___ Miami   ___ Key West
✓ FTL       ___ WPB   ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    0 to 5 days       ✓           Petty      ___
   II   6 to 10 days      ___         Minor      ___
   III  11 to 20 days     ___         Misdem.    ___
   IV   21 to 60 days     ___         Felony     ✓
   V    61 days and over  ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ✓   No ___

_____
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NUMBER 92765

*Penalty Sheet(s) attached                                            REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __JASON KASHOU_____

Case No: _____

Count #: 1

Conspiracy to Receive Health Care Kickbacks

Title 18, United States Code, Section 371

* **Max. Penalty**:      Five years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. |
| JASON KASHOU | ) |
| Defendant | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 6-2-2021

_____
Defendant's signature

_____
Signature of defendant's attorney

BRUCE A. ZIMET
Printed name of defendant's attorney

_____
Judge's signature

_____
Judge's printed name and title